ROBERTSON, Justice.
Appellant, Amanda Pierce Jackson, filed her bill of complaint in the Chancery Court of the Second Judicial District of Jones County, Mississippi, against appellee, Robert E. Rutledge, wherein she prayed the court to set aside and cancel a quitclaim deed and an assignment which she executed on February 28, 1968, to appellee conveying an undivided one-half interest in real and personal property which she would inherit from Mrs. Alice Ellzey Pierce, Deceased. She prayed in the alternative that the court would interpret the assignment and quitclaim deed that Rutledge executed to her on February 28, 1968, as having reinvested in her all the right, title and interest that Rutledge had acquired from her through her quitclaim deed and assignment to him.
The court left the parties as it found them and dismissed the bill of complaint with prejudice. From this judgment Amanda Pierce Jackson appeals.
Appellant was a niece of the late Lawrence Pierce, husband of Mrs. Alice Ellzey Pierce. She was reared by Mr. and Mrs. Pierce in their home and lived with them until she married when twenty years old. Although reared as their daughter she was never legally adopted by them. When she married Lewis Jackson she moved to Pascagoula, and she has lived there for the past twenty-two years.
Appellee Rutledge married a niece of Mrs. Alice Ellzey Pierce, but they were later divorced. However, Rutledge continued to live in the home of Mrs. Pierce until her death. After Mrs. Pierce’s death on January 6, 1968, an administration of her estate was opened up and a brother, Archie Ellzey, appointed administrator.
On February 28, 1968, after some conferences between appellant, Mrs. Jackson, and appellee, Rutledge, she executed a quitclaim deed to him conveying “a one-half undivided interest of that now owned by-me or which may hereafter be acquired by me” in lands in Jones and Smith Counties. At that time she also executed an assignment to him conveying and assigning “a one-half undivided interest in and to all the assets of the estate of Mrs. Alice *805 Ellzey Pierce which I may now own or may in the future acquire in any manner whatsoever; * * * ”
On February 28, 1968, Appellee Rutledge executed a quitclaim deed to appellant, Mrs. Jackson, conveying “a one-half undivided interest of that now owned by me or which may hereafter be acquired by me” in the identical lands in Jones and Smith Counties described in the quitclaim deed from appellant to appellee. He also executed an assignment on that day to Mrs. Jackson conveying and assigning “a one-half undivided interest in and to all the assets of the estate of Mrs. Alice Ellzey Pierce which I may now own or may in the future acquire in any manner whatsoever; * * * ”
On April 8, 1968, on petition of appellant the last will and testament of Mrs. Alice Ellzey Pierce was probated. In her will, Mrs. Pierce devised and bequeathed all of her property, real, personal and mixed, to appellant, Mrs. Jackson.
Appellant averred in her bill of complaint that
“[Tjhere was no consideration paid by the said Robert E. Rutledge to the complainant for the execution of such instruments [the quitclaim deed and the assignment], and that her signature to such instruments was obtained by the fraud of the defendant, Robert E. Rutledge, in wilfully withholding and secreting the Last Will and Testament of Mrs. Alice Ellzey Pierce. * * * ”
The evidence adduced at the trial was conflicting. Rutledge testified that he brought the will to the attention of Mrs. Jackson as soon as he found it; Mrs. Jackson testified that he secreted the will and did not tell her about it until he had fraudulently secured from her the quitclaim deed and assignment to an undivided one-half interest.
Two brothers of Mrs. Pierce, Archie Ellzey and Alma Ellzey, and Mrs. Alma Ellzey testified that Rutledge had indicated to them that he had found some valuable papers and that he was going to bargain and trade with Mrs. Jackson before he turned over these papers.
The chancellor, in deciding this case, evidently applied the rule as to charging and proving fraud, so succinctly stated in Griffith’s Mississippi Chancery Practice § 589 (2d ed. 1950), at page 622:
“Fraud is not a thing to be lightly charged and most emphatically is not a thing to be lightly established. The stigma which follows from it is not to be placed upon parties unless the evidence is sufficient to satisfy the court, not by a mere preponderance, but clearly and convincingly, of the truth of the fraud * *
We cannot say that the appellant’s proof of fraud on the part of the appellee was clear and convincing. It was a disputed question of fact peculiarly within the province of the chancellor to decide. We cannot say that the court was manifestly wrong in its finding that no fraud was practiced on appellant. We affirm the judgment of the chancellor in this respect.
However, the bill of complaint contained an alternative prayer for relief which the chancellor overlooked. The appellant prayed that the court adjudicate that the simultaneous execution of a quitclaim deed and an assignment on February 28, 1968, by the appellee to the appellant reinvested her with the complete title to the lands and assets of the late Mrs. Alice Ellzey Pierce. We think that the chancellor should have interpreted and construed these two sets of quitclaim deeds and assignments.
Mrs. Alice Ellzey Pierce devised and bequeathed all of her earthly possessions to the appellant. This last will took effect upon its probate on April 8, 1968. Also on that date the quitclaim deed and assignment, dated February 28, 1968, from appellant to appellee took effect, and Rutledge- was vested with an undivided one-half interest in the realty, and personalty *806 of the estate of Mrs. Pierce. On that same date the quitclaim deed and assignment executed by Rutledge to Mrs. Jackson took effect, and Mrs. Jackson was thereby reinvested with an undivided one-half interest of the undivided one-half interest of Rutledge.
The conclusion of the matter is that the appellant is now the owner of an undivided three-fourths interest in the realty and personalty of the late Mrs. Alice Ellzey Pierce and the appellee is vested with an undivided one-fourth interest therein.
The judgment of the chancery court is affirmed as to its finding of no fraud, but reversed as to its failure to construe the quitclaim deeds and assignments. We are of the opinion that the title to the realty and personalty now stands three-fourths in Mrs. Jackson and one-fourth in Mr. Rutledge.
Affirmed in part, and reversed in part and rendered.
ETHRIDGE, C. J., and JONES, BRADY and INZER, JJ., concur.